# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDALL WAYNE CLARK,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:14cv00574** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE,** | ) | **By: Norman K. Moon** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner Randall Wayne Clark, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentence in the Rockbridge County Circuit Court from 1986. Court records indicate that Clark previously filed a § 2254 motion regarding the same convictions and sentence, which the court denied. *See* Civil Case No. 7:12cv00024. I may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria.[1] *See* 28 U.S.C. § 2244(b). Because Clark has not submitted any evidence that he has obtained such certification by the Court of Appeals, I will dismiss his petition without prejudice as successive.[2]

ENTER: This 9th day of March, 2015.

Norman K. Moon

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that the United States Court of Appeals for the Fourth Circuit denied Clark's motion for permission to file a second or successive § 2254 petition. *In re: Randall Wayne Clark*, No. 14-464 (4th Cir. Nov. 14, 2014).

[2] In his instant petition, Clark alleges that he recently discovered that his criminal trial counsel had a conflict of interest because trial counsel was the "sitting County Attorney/Municipal Prosecutor for Rockbridge County, Virginia" during Clark's criminal proceedings. Clark argues that this "conflict of interest created an ongoing constitutional structural defect affecting the entire judicial process resulting in a fundamental miscarriage of justice." I note that in *United States v. Hairston*, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." To the extent *Hairston* is applicable to § 2254 petitions, it is nevertheless inapplicable to this case because the facts presently relied on by Clark did exist when his first § 2254 petition was filed and adjudicated.